UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                          Chapter 13

Cheryl Scott,                                   Case No. 17-51484

    Debtor.                             Hon. Phillip J. Shefferly
_____/

## ORDER DENYING EX PARTE EMERGENCY MOTION FOR ORDER EXTENDING SHORT SALE DEADLINE PENDING HEARING

On August 11, 2017, the Debtor filed this Chapter 13 case. On October 10, 2017, the Debtor filed an Ex Parte Emergency Motion for Order Extending Short Sale Deadline Pending Hearing ("Motion") (ECF No. 26). The Motion alleges that the Debtor entered into a pre-petition agreement with Wells Fargo Bank ("Bank") to purchase certain property from the Bank. The Motion further alleges that the deadline to close the purchase of the property was extended to August 25, 2017. The Motion further alleges that the Debtor filed this Chapter 13 case primarily to gain the benefit of § 108(b) of the Bankruptcy Code, which provides for an extension of the time in which to perform certain acts for 60 days after the date a bankruptcy petition is filed. The Motion recites that 60 days after the Debtor's petition was filed is October 10, 2017. The Motion requests the Court to

"extend the deadline" of October 10, 2017 to permit the Debtor to close the sale that is the subject of the agreement between the Debtor and the Bank.

The Motion is procedurally deficient and substantively without merit. As for procedure, the Motion does not even attempt to explain why the Court should consider the requested relief on an ex parte basis. The proper procedure for the Court to shorten the time to consider a motion is set forth in Fed. R. Bankr. P. 9006(c) and E.D. Mich. LBR 9006-1. The Motion does not comply with those rules.

More substantively, the only authorities cited in the Motion are §§ 105 and 108(b) of the Bankruptcy Code. Section 105(a) authorizes the Court to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Section 108(b), as noted above, permits a debtor an additional 60 days in which to take certain actions after the filing of a bankruptcy petition. The Motion does not explain how § 105 would permit the Bankruptcy Court to extend the deadline of § 108(b). Section 105(a) does not permit the Court to rewrite the Bankruptcy Code, but only to enter orders that are necessary or appropriate to carry out the Bankruptcy Code. Extending the 60 day deadline of § 108(b) is not necessary or appropriate to carry out the provisions of the Bankruptcy Code, but instead is directly contrary to the provisions of the Bankruptcy Code.

Accordingly, because the Motion is both procedurally deficient and substantively without merit,

**IT IS HEREBY ORDERED** that the Ex Parte Emergency Motion for Order Extending Short Sale Deadline Pending Hearing (ECF No. 26) is denied.

**Signed on October 10, 2017**

/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge